■ SAMUEL J. LEFRAK, Respondent, v. CHARLES MUSS et al., Appellants.— In an action for a judgment (1) declaring, inter alia, (a) that a joint venture of the parties as provided for in a certain written agreement is valid and in full force and effect, and (b) that one of the joint venturers is entitled to a conveyance of 50% of the property owned by his coventurers, which property is the subject of the joint venture, and (2) enjoining the conveyance of said property, and for other relief, the appeal is from an order denying appellants' motion to dismiss the complaint on the grounds that the complaint fails to state facts sufficient to constitute a cause of action and that the written instrument on which the complaint is founded is unenforcible under the Statute of Frauds (Rules Civ. Prac., rule 106, subd. 4, rule 107, subd. 7). Order modified by striking therefrom everything following the words "Ordered, that" in the first ordering paragraph and by substituting therefor the words "the motion pursuant to subdivision 7 of rule 107 is denied and that the motion pursuant to subdivision 4 of rule 106 is granted." As so modified, order affirmed, with $50 costs and disbursements to the appellants. The joint venture was contingent upon rezoning, including approval of the application recited in the agreement. There is nothing in the agreement as to activity on the part of appellants to further the application. The application was before the City Planning Commission of the City of New York, which disapproved the application on the merits. The conclusory allegation that appellants failed to prosecute their application with diligence, as a result of which it was denied, is without weight. The construction of the seventh paragraph of the agreement

(annexed to the complaint) set forth in the complaint, to the effect that appellants are required to convey one half of their property to respondent is manifestly erroneous. The agreement became void upon the disapproval save that "any" future application within two years should be made jointly on the terms and conditions of the agreement. Appellants are not required thereunder to make any further application, nor are they precluded thereby from conveying their property. Beldock, Acting P. J., Murphy, Ughetta and Hallinan, JJ., concur; Kleinfeld, J., dissents and votes to affirm the order without modification on the ground that the record presents issues of fact which should not be resolved without a trial.